928 F.2d 1133
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elliott SNELLINGS, Plaintiff-Appellant,
v.
CITY OF DAYTON, Defendant-Appellee.
 No. 90-3320.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1991.
 
 On Appeal from the United States District Court for the Southern District of Ohio., 80-00518, Rice, J.
 S.D.Ohio
 AFFIRMED.
 Before: RYAN and SUHRHEINRICH; Circuit Judges; and SILER*, District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Elliott Snellings appeals from the district court's decision, sitting as the trier of fact in a non-jury trial, in favor of defendant City of Dayton in this employment discrimination action brought pursuant to 42 U.S.C. Sec. 2000e (Title VII), 28 U.S.C. Sec. 1343, and the thirteenth amendment's prohibition against involuntary servitude. Specifically, plaintiff argues that the district court erred in finding that: (1) defendant did not subject him to disparate treatment on account of race, under Title VII; and (2) the "evaluation period" utilized by defendant was fairly and objectively implemented to test plaintiff's ability to perform relevant tasks. Having carefully considered the record on appeal and the briefs of the parties, we are unable to say that the district court's findings were "clearly erroneous."
 
 
 2
 Because the reasons articulated by the district court in its February 9, 1990 opinion adequately resolve the issues raised in this appeal, the issuance of a written opinion by this court would be duplicative and serve no useful purpose. Accordingly, the judgment of the district court is affirmed for the reasons set forth in the district court's February 9, 1990 opinion.[1]
 
 
 3
 AFFIRMED.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., United States District Judge for the Eastern District of Kentucky sitting by designation
 
 
 [1]
 The district court's opinion was issued under the mandatory provision of the Federal Rules of Civil Procedure, which provides: "In all actions tried upon the facts without the jury ... the court shall find the facts specially and state separately its conclusions of law thereon...." Fed.R.Civ.P. 52(a)